| | |
|---|---|
| WILLIAM HORTON, JR., <br><br> Petitioner, <br><br> v. <br><br> JEFFREY A. UTTECHT, <br><br> Respondent. | CASE NO. 3:20-cv-05138-BHS-JRC <br><br> ORDER TO SHOW CAUSE OR AMEND PETITION |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

This habeas petition filed pursuant to 28 U.S.C. § 2254 has been referred to the undersigned by the District Court. *See* Dkt. 1. Having screened the petition as authorized by the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), Rule 4, the undersigned notes deficiencies in the petition and declines to order respondent to file an answer at this time. On or before **April 3, 2020**, petitioner shall file an amended petition for habeas corpus on the Court's form and correcting the deficiencies identified in this Order. Failure to do so may result in the undersigned recommending dismissal without prejudice.

///

ORDER TO SHOW CAUSE OR AMEND PETITION - 1

# DISCUSSION

A habeas petition must substantially follow the form attached to the Section 2254 Rules or required by the District's local rules. *See* Section 2254 Rule 2(d); Local Civil Rule ("LCR") 100. Here, petitioner has not substantially followed the applicable habeas forms. His petition does not include certain information necessary for the Court to determine whether petitioner timely filed his petition with the Court and whether petitioner exhausted one of his grounds for review.

28 U.S.C. § 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" This period is tolled during the time a state court considers a properly filed application for post-conviction relief (28 U.S.C. § 2244(d)(2); *Pace v. DiGulielmo*, 544 U.S. 408, 410 (2005)).

Here, petitioner states that he was charged in October 2012 and that his conviction and sentence were ultimately affirmed by the state supreme court at some point during 2017. *See* Dkt. 1-1, at 2. Petitioner filed a personal restraint petition ("PRP") to obtain collateral review of his claims in state court on February 5, 2018; the state supreme court denied review on January 8, 2020. *See* Dkt. 1-1, at 2–3. This is not sufficient information for the Court to determine whether petitioner timely filed his petition.

Further, petitioner does not address whether his second ground for review—insufficient evidence of a "gang" aggravator—was raised in any of his state court filings. *See* Dkt. 1, at 7–9. "[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). "State prisoners must give the state courts one full opportunity to resolve any constitutional

issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Without additional information, the Court is unable to ascertain whether petitioner has exhausted his grounds for the Court's review.

Therefore, on or before **April 3, 2020**, petitioner shall file an amended petition on an appropriate form for use in this District. The Court will not direct respondent to file an Answer until petitioner has corrected the deficiencies identified in this Order.

Dated this 19th day of March, 2020.

J. Richard Creatura
United States Magistrate Judge