UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM HORTON JR.,

                    Petitioner,

        v.

JEFFREY A. UTTECHT,

                    Respondent.

CASE NO. C20-5138 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION IN
PART, RESERVING RULING IN
PART, AND REQUESTING
SUPPLEMENTAL BRIEFING

        This matter comes before the Court on the Report and Recommendation ("R&R")

of the Honorable J. Richard Creatura, United States Magistrate Judge, Dkt. 13, and

Petitioner William Horton Jr.'s ("Horton") objections to the R&R, Dkt. 14.

        On August 28, 2020, Judge Creatura issued the R&R recommending that the Court

deny Horton's petition on the merits and grant a certificate of appealability ("COA").

Dkt. 13.  On September 10, 2020, Horton filed objections.  Dkt. 14.  On September 23,

2020, the State responded on the merits and argued that the Court should deny a COA.

Dkt. 15.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

**A.     Merits**

In this case, Horton objects to the R&R's conclusions on both his grounds for relief.  First, Horton asserts that his trial counsel was ineffective for failing to challenge Horton's predicate offense from Florida.  Horton argues that the basis for the challenge should have been that his Florida counsel failed to inform Horton that pleading guilty in Florida would result in Horton being unable to lawfully possess firearms in the future. Horton declares that if he would have known this fact, he would not have pled guilty. Horton, however, fails to submit any evidence that he informed his trial counsel of the failure of his Florida counsel such that his current trial counsel could have mounted the challenge.  Judge Creatura concluded that this lack of evidence is dispositive of Horton's ineffective assistance of counsel claim.  Horton objects arguing that it was incumbent upon his trial counsel to conduct a proper investigation into Horton's discussions with his Florida counsel and that failure to do so constitutes ineffective assistance.  Dkt. 14 at 3–4. Horton fails to cite any authority on point or establish that the state court denial of his claim is an unreasonable application of any federal authority.  In other words, Horton has failed to show that it is contrary to or an unreasonable application of federal law to conclude that counsel's performance was satisfactory in the absence of any investigation

1  into the client's specific conversations with prior counsel regarding all of the

2  consequences of a guilty plea.  Therefore, the Court adopts the R&R on this issue.

3     Second, Horton challenges the sufficiency of the evidence on the enhancement for

4  committing the murder with the intent to benefit a criminal street gang.  Judge Creatura

5  specifically cited evidence upon which a jury could infer that Horton was motivated by

6  his membership in a gang that was a rival to the victim's gang.  Dkt. 13 at 14–18.

7  Although Horton cites evidence in support of his position that he was not a current

8  member of a gang, he fails to focus on the specific issue of whether the state provided

9  sufficient evidence for the jury to find that the aggravating factor was proven.  Viewing

10 the evidence and all reasonable inferences in favor of the state, the Court agrees with

11 Judge Creatura that the state court's adjudication of sufficient evidence to support the

12 aggravating factor is neither contrary to nor an unreasonable application of federal law.

13 Therefore, the Court adopts the R&R on the merits of Horton's petition.

14 **B.   COA**

15    Although Judge Creatura recommends that the Court grant a COA, the R&R fails

16 to identify which issues should be certified.  *See* 28 U.S.C. § 2253(c)(3) (the COA "shall

17 indicate which specific issue or issues satisfy the [substantial showing of the denial of a

18 constitutional right.]").  Horton did not discuss this issue in his objections.  The State,

19 however, argues that the Court should deny a COA.  Dkt. 15 at 8–10.  Because the State

20 raised this issue in its response to Horton's objections, Horton did not have a chance to

21 address the issue.  In the absence of any explanation supporting a COA, the Court will

22 reserve ruling on the issue and request supplemental briefing.

**C.    Order**

Therefore, the Court having considered the R&R, Horton's objections, and the

remaining record, does hereby find and order as follows:

    (1)    The R&R is **ADOPTED in part**;

    (2)    Horton's petition is **DENIED**;

    (3)    Horton may file a supplemental response on the issue of a COA no later

        than November 13, 2020, the State may file a supplemental reply no later

        than November 20, 2020, and the Clerk shall renote the remainder of the

        R&R for consideration on the Court's November 20, 2020 calendar.

Dated this 2nd day of November, 2020.

BENJAMIN H. SETTLE
United States District Judge