UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM HORTON, JR.,

    Petitioner,

v.

JEFFREY A. UTTECHT,

    Respondent.

CASE NO. C20-5138 BHS

ORDER DECLINING TO ADOPT THE REPORT AND RECOMMENDATION IN PART AND DENYING A CERTIFICATE OF APPEALABILITY

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge, Dkt. 13; the Court's order adopting the R&R in part, reserving ruling in part, and requesting supplemental briefing, Dkt. 16; and the parties' supplemental briefs, Dkts. 17, 18.

On August 28, 2020, Judge Creatura issued the R&R recommending that the Court deny Petitioner William Horton, Jr.'s ("Horton") petition and grant a certificate of appealability ("COA"). Dkt. 13. On November 2, 2020, the Court adopted the R&R as to the merits and requested supplemental briefing on a COA. Dkt. 16. On November 10, 2020, Horton filed a supplemental brief. Dkt. 17. On November 18, 2020, the State filed a supplemental brief. Dkt. 18.

ORDER - 1

A certificate of appealability may issue only if petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000))

In this case, Horton has failed to meet this standard for a COA. Horton's first claim is based on the theory that Horton's counsel was ineffective for failing to fully investigate the circumstances surrounding Horton's previous conviction and predicate offense, including the alleged duty to investigate the conversations between Horton and his previous counsel. Horton has failed to establish that such a probing duty exists under federal law as interpreted by the Supreme Court or persuasive opinion of a circuit court. Thus, he has failed make a substantial showing of ineffective assistance of counsel.

Second, Horton other claim is based on insufficient evidence for an aggravating factor. Horton fails to establish that reasonable jurists could debate this claim because Horton improperly relies on competing evidence and inferences drawn in his favor. The correct standard, however, is "viewing all the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Emery v. Clark*, 643 F.3d 1210, 1213 (9th Cir. 2011). Taking the evidence in the light most favorable to the State, Horton has failed to establish that the state court's affirmance of his conviction and aggravating factor sentence enhancement could be debated or deserves encouragement to proceed further. Therefore,

1  the Court having considered the R&R, the parties' supplemental briefs, and the remaining

2  record, does hereby find and order as follows:

3      (1)    The Court **DECLINES to adopt** the R&R on the COA issue;

4      (2)    A Certificate of Appealability is **DENIED**; and

5      (3)    The Clerk shall enter a JUDGMENT and close the case.

6  Dated this 30th day of November, 2020.

BENJAMIN H. SETTLE
United States District Judge